```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
DOMINGO OJEDA,                                                :
                        Plaintiff,                            :
                                                              :
                                                              :
v.                                                            :   OPINION AND ORDER
                                                              :
                                                              :   16 CV 3 (VB)
METROPOLITAN TRANSPORTATION                                   :
AUTHORITY,                                                    :
                        Defendant.                            :
                                                              :
--------------------------------------------------------------x
```

Plaintiff Domingo Ojeda brings this action under the Federal Employers' Liability Act, 45 U.S.C. § 51 ("FELA"), against defendant Metropolitan Transportation Authority ("MTA"), alleging defendant negligently injured plaintiff.

Before the Court is defendant's motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6).  (Doc. #11).

For the reasons set forth below, the motion is GRANTED, and plaintiff's request for leave to file an amended complaint is also GRANTED.

The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

## BACKGROUND

At all relevant times, plaintiff was a police officer employed by defendant.  He alleges that on or about October 2, 2013, he was injured in the performance of his duties at the "West side parking lot" of the Metro-North Commuter Railroad Station in Harrison, New York. Plaintiff alleges "he sustain[ed] severe and disabling injuries" resulting from the "negligence, carelessness, recklessness" of the MTA.  (Compl. ¶ 6).  In particular, and among a long list of alleged "failures" by defendant, plaintiff alleges the MTA "fail[ed] to provide plaintiff with an appropriate and timely backup," and "fail[ed] to equip and/or provide plaintiff with a suitable, appropriate and/or timely transport for his arrestee."  (Id. at ¶ 7).

1

**DISCUSSION**

I.    <u>Pleading Standard for FELA Cases</u>

Defendant argues the complaint should be dismissed because it fails to meet the pleading requirements required by Fed. R. Civ. P. 8, as interpreted by <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 562 (2007) ("<u>Twombly</u>"), and <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009) ("<u>Iqbal</u>").

Plaintiff does not contend the complaint meets these requirements. Instead, he argues that Rule 8, <u>Twombly</u>, and <u>Iqbal</u> "do not apply to FELA actions." (Opp. at 8).

In deciding this issue, this Court has the benefit of a well-reasoned, albeit non-binding, decision recently reached by Judge Broderick in <u>McCrain v. MTA</u>, 15-CV-8818 (VSB) (S.D.N.Y. September 27, 2016) ("<u>McCrain</u>"). In <u>McCrain</u>, which also involved a police officer suing the MTA under FELA, the parties made nearly identical arguments as those made here. Judge Broderick granted MTA's motion to dismiss, holding Rule 8, <u>Twombly</u>, and <u>Iqbal</u> do apply to FELA cases. <u>See</u> also <u>Koehler v. MTA</u>, 2016 WL 6068810 (E.D.N.Y. Oct. 14, 2016).[1]

The Court adopts the rationale set forth in <u>McCrain</u> and concludes the pleading standards set forth in Rule 8, <u>Twombly</u>, and <u>Iqbal</u> apply to this action. In particular, <u>Iqbal</u> expressly held that its "decision in <u>Twombly</u> expounded the pleading standard for 'all civil actions.'" 556 U.S. at 684; <u>McCrain</u> at 6. Moreover, none of the cases plaintiff cites "stand[s] for the proposition that the pleading standard for a FELA claim in federal court is different than the pleading standard for any other claim in federal court." <u>McCrain</u> at 6 (citing cases).

Accordingly, plaintiff's complaint must be evaluated under the pleading standards articulated in Rule 8, <u>Twombly</u>, and <u>Iqbal</u>.

---

[1]    The plaintiffs in both <u>McCrain</u> and <u>Koehler</u>, as well as plaintiff here, are all represented by the same counsel.

II.        <u>Plaintiff's Complaint</u>

Applying those standards, the Court finds the complaint fails to state a claim under FELA and must be dismissed.

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated in <u>Iqbal</u>. 556 U.S. at 679. First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. <u>Id</u>. at 678; <u>Hayden v. Paterson</u>, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." <u>Iqbal</u>, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." <u>Id</u>. at 678; <u>Twombly</u>, 550 U.S. at 564. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Id</u>.

"While it is true that, consistent with Rule 8, a properly plead FELA 'complaint is not required to have detailed factual allegations,' it must contain 'more than an unadorned, the defendant-unlawfully-harmed-me accusation.'" <u>McCrain</u> at 6 (quoting <u>Bruno v. MTA</u>, 344 F. App'x 634, 635 (2d Cir. 2009) (summary order)).

Here, plaintiff's complaint states merely that he "sustain[ed] severe and disabling injuries by the reason of the negligence, carelessness, recklessness of the defendant." (Compl. at ¶ 6).

3

Plaintiff then lists a litany of ways in which defendant was allegedly negligent, including "in failing to provide plaintiff with an appropriate and timely backup," and "failing to equip and/or provide plaintiff with a suitable, appropriate and/or timely transport for his arrestee." (Id. at ¶ 7). However, the complaint does not allege what actually took place, how defendant's alleged negligence caused plaintiff's injuries, or even the nature of those injuries. Instead, the complaint contains only conclusory allegations and threadbare recitals of various types of negligence defendant allegedly committed.[2]

As a result, even assuming the veracity of plaintiff's allegations and drawing all reasonable inferences in plaintiff's favor, the Court concludes plaintiff's complaint falls short of the pleading requirements of Rule 8, Twombly, and Iqbal.

Accordingly, plaintiff's complaint must be dismissed for failure to state a claim under Rule 12(b)(6).

III.   Plaintiff's Request for Leave to File an Amended Complaint

Shortly after the motion to dismiss was filed, the Court issued an Order in which it "sua sponte grant[ed] plaintiff leave to file an amended complaint" to address the deficiencies identified in defendant's motion. (Doc. #13). The Court directed plaintiff to "notify the Court by letter" whether "he intend[ed] to file an amended complaint [or would] rely on [his original] complaint." (Id.).

---

[2]   Plaintiff attached several documents as a single exhibit to his opposition brief. (Opp. Ex. 1). These documents were not attached to or incorporated by reference in the complaint. The Court thus need not consider them in deciding this motion. Faulkner v. Beer, 463 F.3d 130, 134 (2d Cir. 2006) ("Generally, consideration of a motion to dismiss under Rule 12(b)(6) is limited to consideration of the complaint itself."). Nevertheless, the Court has reviewed the documents, and notes they do not add any detail regarding the nature of MTA's alleged negligence, or how that negligence supposedly caused plaintiff's injuries.

In response, plaintiff's counsel submitted a letter in which he stated, "plaintiff intends to rely on the complaint that is the subject of the defendant's motion to dismiss." (Doc. #16). However, plaintiff also "request[ed]" that the Court "permit the granting of the cross-motion set forth in [plaintiff's opposition to the motion to dismiss] for the alternative relief of amending the complaint, if necessary." (Id.). Plaintiff repeated this request in his opposition to the instant motion: "plaintiff does herewith cross-move for leave to file an amended complaint consistent with the deficiencies pointed out by the Court's resolution of this motion." (Opp. at 12).

Plaintiff's counsel improperly filed the purported motion for leave to amend without a notice of motion. Local Civil Rule 7.1(a)(1).

Nevertheless, for the same reasons Judge Broderick articulated in McCrain – namely that defendant did not object to plaintiff's procedurally improper request, and plaintiff should not be prejudiced for his attorney's mistakes, despite the fact that he has "wasted the MTA's, his own, and the Court's time and resources briefing and deciding issues he could have resolved or mooted by amending the complaint" (McCrain at 10) – the Court reluctantly grants plaintiff's request for leave to file an amended complaint.

Accordingly, by October 31, 2016, plaintiff shall notify the Court by letter whether he intends to file an amended complaint. If he chooses to do so, his amended complaint is due November 7, 2016. If plaintiff elects not to file an amended complaint, the Court will promptly enter judgment in accordance with this Opinion and Order.

## CONCLUSION

Defendant's motion to dismiss is GRANTED.

Plaintiff's request for leave to file an amended complaint is GRANTED.

The Clerk is instructed to terminate the motion.  (Doc. #11).

Dated: October 24, 2016
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge