UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DOMINGO OJEDA,                                               16 Civ. 3 (VB)

                Plaintiff,                              **AMENDED COMPLAINT**


  -against-                                                         **PLAINTIFF DEMANDS**
                                                                           **TRIAL  BY  JURY**
METROPOLITAN TRANSPORTATION AUTHORITY,


                Defendant.
------------------------------------------------------------------------X

      Plaintiff, DOMINGO OJEDA, by his attorney, PHILIP J. DINHOFER, LLC, complaining of the defendant, respectfully shows to this Court and alleges:

      1.   The action herein arises under the Federal Employers' Liability Act (45 U.S.C. Sec. 5l, et seq.), as hereinafter more fully appears.

      2.   Upon information and belief and at all times herein mentioned, the defendant, METROPOLITAN TRANSPORTATION AUTHORITY was a Public Authority, duly organized and existing under and by virtue of the laws of the State of New York and authorized to do business within the jurisdiction of this Court.

      3.   At all time herein after, the defendant, METROPOLITAN TRANSPORTATION AUTHORITY, was engaged in interstate commerce by rail and operated a system of railroads and railroad yards within the jurisdiction of this court and in various states.

      4.   That on or prior to October 2, 2013 the Defendant, METROPOLITAN TRANSPORTATION AUTHORITY, employed the plaintiff, DOMINGO OJEDA, as a Police Officer, under its direction and control and in furtherance of its business with interstate commerce.

5. That on, and for many years prior to, October 2, 2013, the defendant, METROPOLITAN TRANSPORTATION AUTHORITY owned, leased, maintained, operated, controlled, supervised and/ or otherwise assigned its police officer's to patrol at a certain railroad property, more specifically the Metro-North Commuter Railroad Harrison Station, Harrison, New York, and more particularly the West side parking lot situated threat, which included the tracks, rails, switches, sidings, train cars, roadbeds and appurtenances thereto, over through and upon which the defendant operated its engines, trains and cars under its direction and control.

6. That on or about October 2, 2013 while the plaintiff, DOMINGO OJEDA, was in the performance of his duties as a Police Officer at or near the aforesaid location he was caused to sustain severe and disabling injuries by the reason of the negligence, carelessness, recklessness of the defendant as herein set forth.

7. That on and prior to October 2, 2013 the Defendant, METROPOLITAN TRANSPORTATION AUTHORITY, employed the plaintiff, DOMINGO OJEDA, as a Police Officer assigned to its ESU section.

8. That on October 2, 2013 the Defendant, METROPOLITAN TRANSPORTATION AUTHORITY, assigned the plaintiff, DOMINGO OJEDA, to ESU 3.

9. That on October 2, 2013 the Defendant, METROPOLITAN TRANSPORTATION AUTHORITY, assigned the plaintiff, DOMINGO  OJEDA, to ESU 3 along with MTA Police Officer Greg Cella as his partner.

10. That on October 2, 2013 ESU 3 was a modified Ford F550 Extended Cab vehicle.

11. That amongst the modifications the defendant, METROPOLITAN TRANSPORTATION AUTHORITY made to ESU 3 was the removal of the rear seats and the installation of gun racks in their place.

12. That on October 2, 2013 the Defendant, METROPOLITAN TRANSPORTATION AUTHORITY, assigned the plaintiff, his partner and ESU 3 to general patrol and security duties.

13. That on October 2, 2013 while on patrol at or near the defendant's Harrison Station parking lot, the plaintiff and his partner became involved as police officers in the investigation of a domestic altercation involving a male, Guillerermo Santos, Jr., and a female, Isha Siri.

14. That on October 2, 2013 while involved in the investigation of the aforesaid domestic altercation it became necessary for the plaintiff to arrest and handcuff Mr. Santos.

15. Because ESU 3 had no safe and/or secure containment facility for persons under arrest, on October 2, 2013 immediately following his arrest and handcuffing of Mr. Santos, the plaintiff called for a backup that was capable of safely and/or securely transporting Mr. Santos away from the scene of his arrest.

16. While waiting for backup to arrive and while plaintiff was interviewing the crime victim, Ms. Siri, plaintiff's partner, MTA Police Officer Greg Cella, walked away so that he could make a telephone call, thereby leaving plaintiff alone with both Mr. Santos and Ms. Siri.

17. While waiting for backup to arrive, while plaintiff was interviewing the crime victim, Ms. Siri, while MTA Police Officer Greg Cella was involved with his telephone call, and while he was handcuffed, Mr. Santos began to run away from the scene of his arrest.

18. When alerted to the fact that Mr. Santos was running away by a member of the general public who was observing the scene of the domestic altercation and arrest, the plaintiff, DOMINGO OJEDA, began to give chase and run after Mr. Santos.

19. While in the course of running after Mr. Santos the plaintiff was caused to stop his pursuit as he began to experience an increasing pain in his left lower leg and/or ankle area as a result of injury to his left Achilles tendon and was thereby caused to be absent from his employment with

the defendant, suffering lost wages and other such general and compensatory damages both past, present and future.

20. That injury arising from the afore-described manner by which plaintiff was compelled and/or required to carry out his duties in chasing and running after his escaping arrestee, Mr. Santos, at the aforesaid location, in the absence of being provided with an appropriate patrol vehicle that was equipped with a safe and/or secure containment facility for persons under arrest, and/or a police partner whose attention was diverted while making a telephone call, and/or a police partner who left plaintiff alone to manage with two persons while making said telephone call, was reasonably foreseeable.

21. That the said accident and resulting injuries to the plaintiff were caused solely by reason of the negligence, carelessness and recklessness of the defendant, its agents, servants and/or employees' in failing to exercise due care and diligence; in failing to provide plaintiff with a safe place to work and safe equipment with which to work; in failing to promulgate safety rules and procedures for activities carried out by their personnel at the aforesaid place; in failing to warn plaintiff of the existence of the dangers involved in the performance of his duties as a Police Officer; in failing to provide the plaintiff with the necessary and proper tools and equipment with which to work; in failing to make proper and adequate provisions for the safety of plaintiff; in failing to inspect, maintain and keep in good repair the premises, parking lot and adjacent properties of the aforesaid location; in failing to provide plaintiff with the proper and necessary manpower, tools and equipment with which to effect a lawful arrest; in negligently assigning the plaintiff to perform a job task for which he was improperly equipped to do; in failing to provide plaintiff with an appropriate and timely backup; in sending plaintiff out on general patrol without providing him with a police vehicle that was properly equipped with a safe and/or secure containment facility for persons under

arrest; in failing to equip and/or provide plaintiff with a suitable, appropriate and/or timely transport for his arrestee; in providing plaintiff with a police partner whose attention became diverted while making a telephone call; in providing plaintiff with a police partner who left plaintiff alone to manage with two persons while making a telephone call; in failing to take heed of prior similar events; in failing to inspect, maintain and keep in good repair the said location, premises, parking lot and adjacent properties of the aforesaid location; in that the defendant failed to promulgate and enforce proper and safe rules for the safe conduct of the work operations of the railroad and the defendant was otherwise generally negligent under the circumstances.

22. That the said injuries were occurred while the plaintiff was acting in furtherance of interstate commerce, or in work substantially affecting the same.

23. That the plaintiff, DOMINGO OJEDA was damaged thereby in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

WHEREFORE, plaintiff, DOMINGO OJEDA, demands judgment against the defendant, METROPOLITAN TRANSPORTATION AUTHORITY, in the sum of FIVE MILLION ($5,000,000.00) DOLLARS, together with the costs and disbursements of this action.

Dated: Rockville Centre, New York
October 29, 2016

*Philip J. Dinhofer*
By: Philip J. Dinhofer, #6940
PHILIP J. DINHOFER, LLC
Attorneys for Plaintiff(s)
77 N. Centre Ave. - Suite 311
Rockville Centre, NY 11570
516-678-3500

To: Beck S. Fineman, Esq.
Ryan Ryan Deluca, LLP
Attorneys for Defendant
707 Summer Street
Stamford, CT 06901
203-357-9200
Via ECF